COMMONWEALTH *vs.* HERBERT M. BOWERS & another.

Franklin.   Sept. 19. — Oct. 20, 1876.   COLT & MORTON, JJ., absent.

On the trial of an indictment for adultery, the government introduced evidence that the defendants were found in a bedroom of a hotel at midnight; and the district attorney argued that they previously left their homes in another town for an adulterous purpose. *Held,* that evidence offered by the defendants of a conversation between them and another person before such departure, to show that they went for another purpose, was immaterial.

INDICTMENT against Herbert M. Bowers and Ellen C. Newton, for adultery on November 2, 1875. Trial in the Superior Court, before *Wilkinson,* J., who allowed a bill of exceptions in substance as follows :

The evidence tended to show that on the afternoon of November 2, 1875, the defendants, who lived in Greenfield, went to Shelburne Falls, stopped at the hotel of one Woodward, and that about twelve o'clock at night an officer found them in a bedroom together at said hotel, the defendant Bowers in bed, and the defendant Newton not in bed, but with her clothes on, excepting her corset and shoes. There was no overt act of adultery testified to, and the evidence, on which the government relied to convict the defendants, was wholly circumstantial.

The defendants offered evidence tending to show that the defendant Bowers, who was about twenty-one years of age, had made his home with the defendant Newton and her husband at Greenfield, for some six weeks before November 2, 1875, and that he was a cousin of the husband; that about noon on said November 2, he got into a fight with his brother, James Bowers; that James threatened to have him arrested for assault and battery, and that a magistrate had issued a warrant therefor ; that he informed the defendant Newton of what had happened, and of the threatened arrest, and that they both went to a Mrs. Cary, the mother of Herbert and James Bowers, to advise with her about it. The defendants, for the purpose of showing that their visit to Shelburne Falls was not for an adulterous purpose, as contended by the government, but for an innocent purpose, proposed to show by Mrs. Cary, that when Herbert and Mrs. Newton came to her and informed her that a warrant was out for Herbert, for assault and battery, she advised Mrs. New-

ton and Herbert to go to Shelburne Falls by the next train, and that Herbert should go to his grandfather's at Shelburne Falls, and stay till James was pacified, or should stop his prosecution, and that Mrs. Newton should go and take care of him. The judge excluded only the evidence of the conversation, but permitted evidence to show that in consequence of advice given by Mrs. Cary, the defendants went to Shelburne Falls, and the defendants excepted. Mrs. Newton testified that after leaving Mrs. Cary's, they went together by the next train to Shelburne Falls; that they stopped at the hotel, and that she went out with Herbert and assisted him in buying a suit of clothes, for which she provided the money; that after tea at the hotel, he bade her good night, and she supposed he had gone away for the night to his grandfather's; that about eleven o'clock at night he came to her room, so drunk and stupefied with liquor, that he did not know what he was about, that he went to bed and began to vomit, and continued to do so until he fell into a state of unconsciousness or stupor, in which the officer found him when he came, about twelve o'clock; that she had not been in bed or had any sexual intercourse with him, but was assisting him as she best could when the officer came.

The jury returned a verdict of guilty; and the defendants alleged exceptions.

*C. Delano*, for the defendants.

*C. R. Train*, Attorney General, for the Commonwealth.

ENDICOTT, J. The defendants were discovered in the bedroom of a hotel at midnight, under circumstances which, if unexplained, would warrant a jury in finding them guilty of the offence charged.

The conversation offered in evidence was properly excluded at the trial. It was not in reply to any evidence introduced by the government, but to meet the position taken by the district attorney, that the defendants left their homes in Greenfield and went to Shelburne Falls, "for an adulterous purpose." This was in the nature of an argument upon the evidence presented. Whether they went there for an adulterous purpose is entirely immaterial to the defence. If they did not, but went for another purpose, that fact would have no tendency to explain the position in which the officer found them.

The ruling that permitted the defendants to show that they went with the advice of the mother of the male defendant was sufficiently favorable.                    *Exceptions overruled.*